UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Bruce A. Davenport, *pro se*,  Case No. 3:17-cv-1668

    Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER


Wendy Jackson, et al.,

    Defendants.


## I. INTRODUCTION

Defendants Wendy Jackson and National Church Residences seek to dismiss the complaint filed by *pro se* Plaintiff Bruce Davenport, on the grounds that Davenport fails to establish subject matter jurisdiction or to state plausible claims for relief. (Doc. No. 10). Defendants request, in the alternative, that I order Davenport to provide a more definite statement of his claims pursuant to Rule 12(e). Davenport filed a motion to add evidence, (Doc. No. 11), which appears in part to be a response to Defendants' request for more information and clarity on his allegations, and a motion to vacate the motion to dismiss, (Doc. No. 14), which appears to be Davenport's brief in opposition to the motion to dismiss. Defendants filed a reply brief in support of their motion to dismiss and in response to various motions Davenport filed. (Doc. No. 15). For the reasons stated below, Davenport's motion to add evidence is granted, Defendants' motion to dismiss and Davenport's

motion to vacate are denied, and Defendants' motion for a more definite statement is denied without prejudice.

## II. STANDARD

Federal courts are courts of limited jurisdiction, and a plaintiff must allege sufficient facts to identify the basis upon which a federal court has subject matter jurisdiction over the plaintiff's claims. Defendants may make either a facial or a factual attack on subject matter jurisdiction under Rule 12(b)(1). *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A defendant's facial attack on the plaintiff's claims asserts the allegations of the complaint do not establish subject matter jurisdiction and implicates a similar standard of review as a Rule 12(b)(6) motion. *Id.*

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, the court may consider the allegations in the complaint as well as any exhibits attached to the complaint, as long as the complaint refers to the exhibit and the exhibit is central to the claims set forth in the complaint. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Additionally, Rule 15 permits a plaintiff to amend the complaint "once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B).

### III. BACKGROUND

Davenport and his wife rent an apartment from Defendants. (Doc. No. 1 at 1). Davenport is a paraplegic who must use a wheelchair to get around. (Doc. No. 1 at 1). The apartment is furnished but, due to his paraplegia, Davenport uses specific types of furniture, including a king-sized or hospital bed with rails, and a power lift recliner. (Doc. No. 1 at 1). He also must use modified appliances and amenities, including toilets with grab rails to assist with mobility, stoves with front controls, and handicap-accessible sinks. (Doc. No. 1 at 1). He asserts he notified Defendants of these needs when submitting his application for an apartment, but that Defendants failed to provide him with a handicapped equipped apartment, or to permit him to remove the provided furniture in order to move in his personal furniture. (Doc. No. 1 at 1).

### IV. ANALYSIS

*Pro se* pleadings must be "liberally construed" and "held to less stringent standards than the formal pleadings prepared by attorneys." *Bridge v. Ocwen Federal Bank FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). Rule 8 does not require a plaintiff to allege specific facts, but only "a short and plain statement" which gives the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

As an initial matter, and as I noted above, Rule 15 permits Davenport to amend the complaint within 21 days of service of Defendants' motion to dismiss. Davenport's motion to add evidence seeks to present a letter purportedly from Defendants to Davenport, dated August 29, 2017, and describing apparent points of contention between the parties. (Doc. No. 11-1). Rule 10 generally permits parties to submit written documents such as this letter as exhibits to pleadings, and to make those exhibits part of the pleading. Fed. R. Civ. P. 10(c). Davenport filed his motion within 21 days of the date on which Defendants filed their motion to dismiss, and the document he

seeks to add directly relates to the circumstances he describes in his complaint. I conclude it is appropriate to construe the motion to add evidence as a motion to amend the complaint pursuant to Rule 15, and that the document presented may properly be filed as an exhibit to a pleading. Therefore, I grant Davenport's motion to add evidence, (Doc. No. 11), and will consider the contents of the letter as factual allegations of an amended complaint.

Next, Davenport responded to the motion to dismiss by filing what he titled as a "motion to vacate petition to dismiss case." (Doc. No. 14). Davenport does not respond to Defendants' legal arguments or offer a legal basis for vacating Defendants' motion to dismiss, but contends the issues he identified in his complaint continue to exist. I conclude there is no basis to vacate the motion to dismiss and will construe Davenport's filing as a brief in opposition to Defendants' motion.

Defendants argue I must dismiss the complaint because Davenport fails to identify "what violations of law Defendants supposedly committed" or the basis for federal subject-matter jurisdiction. (Doc. No. 10 at 5). Defendants also argue the filings Davenport submitted after Defendants filed their motion to dismiss do not remedy the deficiencies in the complaint. (Doc. No. 15 at 4-5). I disagree.

Davenport alleges he requested handicap-accessible housing but Defendants have refused to provide it. He alleges Defendants have refused to remove specific impediments to his mobility within the apartment, or to install or implement identified mobility aids. Davenport also alleges these acts and omissions are the result of disability discrimination and Defendants have failed to make reasonable accommodations for his disability. (Doc. No. 1-2 at 2). Taken as true, these factual allegations are sufficient to put Defendants on notice that Davenport seeks to pursue a claim of disability discrimination.

Further, Davenport's allegations also implicate federal law. He first challenged Defendants' conduct by contacting the United States Department of Housing and Urban Development. (Doc.

4

No. 1-1). Federal law prohibits discrimination against "any person in the terms, conditions, or privileges of . . . rent of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person . . . ." 42 U.S.C. § 3604(c)(2). Discrimination under § 3604 includes the refusal to permit reasonable modifications to a dwelling. 42 U.S.C. § 3604(c)(3)(A)-(B). Liberally construed, the allegations contained in the complaint state both a basis for federal subject-matter jurisdiction and a plausible claim for relief. Defendants' motion to dismiss on those bases is denied.

Defendants also moved, in the alternative, for a more definite statement of Davenport's claims under Rule 12(e). Given the timing of this case and my rulings as stated in this Opinion, I conclude it may be more efficient to schedule a conference with the parties to discuss next steps. Defendants' motion for a more definite statement is denied without prejudice and may be re-submitted if circumstances warrant.

## V. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, (Doc. No. 10), is denied, and Defendants' motion for a more definite statement is denied without prejudice. Davenport's motion to add evidence, (Doc. No. 11), is granted, and his motion to vacate Defendants' motion to dismiss, (Doc. No. 14), is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge